(Hamilton County Court of Common Pleas)

W. M. AMPT vs. the CITY OF CINCINNATI et al.

An ordinance delegating the power to the Mayor to purchase and maintain water fountains is, in the absence of statutory authority, invalid.

But an application for an injunction, which was not made till after the purchase and delivery of such fountains, comes too late to apply to the purchase.

The presumption as to the Mayor is that upon hearing that the ordinance is invalid he will proceed no further.

---

SAYLER J.

The plaintiff sets up that on July 27, 1894 the City of Cincinnati duly passed an ordinance providing for the erection and maintenance of public watering fountains for man and beast, and therein ordained that twenty-two watering fountains for man and beast be established, constructed and maintained at or near twenty-two different places in said city designated in said ordinance, and such additional watering fountains at such other places as shall from time to time be designated by resolution of the Board of Legislation; that by said ordinance the Mayor shall purchase the watering fountains or have same constructed and located under his direction, and shall have same supplied with water by the water works, and that the Mayor shall appoint some competent man, at a salary of not to exceed $2 a day, to manage and supervise said public watering fountains, and that the City Treasurer shall pay warrants to cover the costs of said construction and maintenance of said fountains upon vouchers approved by the Mayor; and plaintiff further says that $1,500 was appropriated by ordinance for the payment of the cost and expense of purchasing, locating and maintaining said fountains, to be paid upon approval of the Mayor on warrants to be drawn by the Auditor; that the Mayor entered into a contract on July 15, 1895, with certain parties to construct, furnish and place twenty-two watering fountains at a cost of $990 without advertising for bids after the

appropriation of the $1,500, but on advertisement for bids made prior thereto; that the contract was signed by the Mayor, and the contractor gave no security for the faithful performance of the contract, and other objections are set up as to the validity of the contract; and plaintiff further says that the Mayor intends to proceed with the carrying out of the duties imposed upon him by said ordinance, both in executing said contract and in allowing claims thereon for payment and in appointing a competent man to manage and supervise said fountains and in approving claims for services therefor, and that the Auditor will draw his warrant against said $1,500 in payment of said claims, upon said approval by the Mayor, which will be paid by the City Treasurer, and that all of said officers will so proceed unless restrained by the order of this court. And plaintiff says that the delegation of power to the Mayor is unlawful, and that the contract is void, and asks that the Mayor be enjoined from appointing any person to manage and supervise said fountains, and from approving and allowing any bills or claims under said contract or for the management and supervision of the fountains, and that the Auditor be enjoined from drawing any warrants against the city funds for either of said purposes.

The defendants file an answer, and admit the passage of the ordinance, and say that pursuant to the terms thereof the city advertised for bids for the construction of said watering fountains as provided by law, and that the award was made to the lowest and best bidder according to law, which said bidder entered upon the performance of said contract, and delivered said fountains, as provided by said contract, to the City of Cincinnati, and that said bidder was paid therefor on the 30th day of December, 1895, the sum of $900 with the knowlege of the plaintiff; and the defendants deny each and every other allegation in the petition.

I know no statute which authorizes the council to delegate to the Mayor power to enter into a contract for the purchase of the fountains or for placing them, or to appoint a man to manage and supervise them, and no such statute is cited by the City Solicitor.

I think therefore that the ordinance in this respect is invalid.

But it appears that a contract having been entered into by the Mayor for the purchase of the fountains, the fountains were delivered and paid for by the city, pending this action, and no restraining order had been obtained.

The application for an injunction on the hearing of the case restraining the Mayor from making such contract or paying for the same, comes too late.

The answer denies that the defendants propose to take further proceedings under the ordinance, and there is no evidence that it is their purpose to proceed further. I do not think the ordinance itself is evidence of the intent of the defendants to proceed further.

It is contended that the presumption is the Mayor will perform the powers imposed by the ordinance. I think the presumption is that the Mayor will do his duty; and as the ordinance is invalid, his duty is to proceed no further under it.

It seems to me, therefore, that the petition must be dismissed; but as the plaintiff had reasonable cause for bringing the action, the costs will be assessed against the defendants.

*Wm. M. Ampt for Plaintiff.*
*Corporation Counsel for City.*